Curia, per Evans, J.
The first objection of the defendant is, that the plaintiff, Coachman, had disclaimed the action and directed its discontinuance. This turns out to be a mistake. Mr. Mitchell, to whom Coachman’s letter was addressed, was not present at the trial on circuit; the letter was not produced, and evidence of its contents was received ; but in this court the letter has been produced, and it turns out to be nothing more than a direction to continue the case, as the injunction had been revived. But *452 independent of this, I apprehend that Coachman had no control over the action. If the bond had been delivered ■without a written assignment by Heriot to Cutino, the delivery would have carried along with it the right to sue in Heriot’s name, or in the name of whomsoever, by law, the legal right of action existed. In this case, it appears that Heriot, on the 13 December, 1826, assigned this bond with others to Cutino, who represented the estate of Savage Smith. Under this assignment, Cutino might have sued in his own name as assignee. The Act of the Legislature, authorizing assignees of bonds to sue, does not make it imperative ; it only permits them to bring the action in their own names, without restraining them from suing in the name of the obligee, as they were obliged to do before the Act. The second objection is, that the commissioner in equity cannot sue the bonds which he has taken in the exercise of his official duties, without an order from the court directing the collection. This may be so, and if so, that court would no doubt restrain its officer, on application for that purpose ; but in this court we look only to the legal rights of the parties. The bond is in the name of the commissioner and is payable to him and his successors. He is the payee, and at law has a right to sue whenever there is a breach of the condition. Motion refused.
O’Neall, Butler and Wardlaw, JJ. concurred.
Frost, J. did not hear the case, because he had been engaged in it whilst at the bar.